1  BRADLEY D. BLAKELEY (SBN 189756)
   E-Mail: bblakeley@blakeleyllp.com
2  DAVID M. MANNION (SBN 288627)
   E-Mail: dmannion@blakeleyllp.com
3  BLAKELEY & BLAKELEY LLP
   2 Park Plaza, Suite 400
4  Irvine, California 92614
   Telephone: (949) 260-0611
5  Facsimile: (949) 260-0613

6  Attorneys for Plaintiff,
   EXPORT DEVELOPMENT CANADA

7
                    UNITED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9
                          EASTERN DIVISION

10
   EXPORT DEVELOPMENT            )   Case No.: 5:14-cv-00174-JAK-SH
11 CANADA,                       )
                                 )   Assigned to Hon. John A. Kronstadt
12                   Plaintiff,  )
                                 )   **NOTICE OF MOTION AND MOTION**
13        v.                     )   **FOR DEFAULT JUDGMENT;**
                                 )   **MEMORANDUM OF POINTS AND**
14                               )   **AUTHORITIES IN SUPPORT**
   CMV ELECTRIC, INC.            )   **THEREOF**
15                               )
                     Defendant.  )   Judge: Hon. John A. Kronstadt
16                               )   Date: April 21, 2014
                                 )   Time: 8:30 a.m.
17                               )   Place: 750 – 7th Floor
                                 )          255 East Temple Street
18 _____ )          Los Angeles, CA 90012

19

20

21

22
─────────────────────────────────────────────────────────
          NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...........................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND .......................................1

        A.      The Relevant Parties. ......................................................................1

        B.      Facts Relating to CMV's Liability to EDC......................................2

III.    ARGUMENT..................................................................................................5

        A.      EDC Has Complied with Fed. R. Civ. P. 54(c), and Local Rules
                55-1 and 55-2. ..................................................................................5

        B.      The Court Has Jurisdiction Over the Dispute. ..................................6

        C.      The *Eitel* Factors Support the Entry of a Default Judgment in
                Favor of EDC in the amount of $239,731.86.....................................7

                (i).     The First *Eitel* Factor: the Possibility of Prejudice to EDC. ..........7

                (ii)     The Second and Third *Eitel* Factors: the Merits of EDC's
                         Claims and the Sufficiency of the Complaint..................................8

                         (a).    As a Result of its Default, CMV is deemed to Have
                                 Admitted Liability for the Price of the Goods under
                                 the Controlling Provisions of the U.C.C. .............................8

                         (b).    As a Result of its Default, the CMV is deemed to
                                 Have Admitted Liability to EDC for Breach of
                                 Contract. ............................................................................10

                (iii)    The Fourth *Eitel* Factor: The Amount of Money at Stake.............11

                (iv).    The Fifth *Eitel* Factor: The Possibility of a Dispute
                         Concerning Material Facts.............................................................11

                (v).     The Sixth *Eitel* Factor: Whether the Default Was Due to
                         Excusable Neglect........................................................................11

                (vi).    The Seventh *Eitel* Factor: The Policy Underlying the Federal
                         Rules of Civil Procedure Favoring Decisions On The Merits.......12

        D.      EDC is entitled to Damages of $239,731.86 against CMV. ...................12

IV.     CONCLUSION ...........................................................................................13

i

# TABLE OF AUTHORITIES

**Cases**

*Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*,
316 Fed. Appx. 661 (9th Cir. 2009) ........................................................ 10

*Alco Std. Corp. v. Beauwood California, Inc.*,
1986 U.S. Dist. LEXIS 26029, *10-11 (C.D. Cal. 1986) ........................ 9

*Elektra Entm't Group, Inc. v. Crawford*,
226 F.R.D. 388 (C.D. Cal. 2005) .......................................... 1, 7, 10, 11

*Pepsico, Inc. v. Cal. Sec. Cans*,
238 F. Supp. 2d 1172 (C.D. Cal., 2002) .............................................. 10

*Philip Morris U.S.A. Inc. v. Castworld Prods.*,
219 F.R.D. 494 (C.D. Cal. 2003) ..................................... 5, 7, 11, 12

*Rawls v. Associated Materials, LLC*,
2012 U.S. Dist. LEXIS 125744, *13 (S.D. W. Va. 2012) ...................... 9

*TeleVideo Sys., Inc. v. Heidenthal*,
826 F.2d 915 (9th Cir. 1987) ................................................................ 1

**Statutes**

28 U.S.C. § 1332(a)(4) ................................................................................ 6

28 U.S.C. § 1603(b)(2) ............................................................................... 6

Cal. Code Civ. Proc. § 415.20(a) .............................................................. 5

*Cal. U. Com. Code* § 2606(1) .................................................................... 8

*Cal. U. Com. Code* § 2606(1)(b) ............................................................... 8

*Cal. U. Com. Code* § 2606(1)(c) ................................................................ 8

*Cal. U. Com. Code* § 2607 ......................................................................... 9

*Cal. U. Com. Code* § 2607(1) ................................................................. 8, 9

*Cal. U. Com. Code* § 2608 ......................................................................... 9

Fed. R. Civ. P. 54(c) .................................................................................. 6

Fed. R. Civ. P. 55(a) ............................................................................. 4, 11

Fed. R. Civ. P. 55(b) ................................................................................ 11

Fed. R. Civ. P. 55(b)(2) ......................................................................... 1, 6

L. Civ. R. 55-1 .......................................................................................... 1

L. Civ. R. 55-2 .......................................................................................... 1

<u>**NOTICE OF MOTION AND MOTION**</u>

EXPORT DEVELOPMENT CANADA ("EDC") HEREBY GIVES NOTICE to all parties and their attorneys of record that, on April 21, 2014, at 8:30 a.m., or as soon thereafter as counsel may be heard, it will, and hereby does, move this Court, located at 255 East Temple Street, Los Angeles, California, for a default judgment against CMV Electric, Inc. ("CMV"), as set forth in the accompanying memorandum of points and authorities and proposed order.  EDC moves for a default judgment on Counts I and II of its complaint for (1) the price of goods sold and delivered under Sections 2607(1) and 2709(1)(a) of the California Uniform Commercial Code ("U.C.C."), and (2) breach of contract.  EDC seeks judgment for the sum of $239,731.86, which includes $178,308.38 in principal, $53,745.35 in prejudgment interest through March 20, 2014, attorneys' fees in the amount of $7,166.17, costs and expenses of $511.97, and post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

EDC's motion is brought pursuant to Federal Rule of Civil Procedure 55, Rules 55-1 and 55-2 of the Local Civil Rules for the United States District Court for the Central District of California, and relevant case law, on the grounds that CMV has failed to answer or otherwise respond to EDC's complaint in this action.

The motion is based upon the attached Memorandum of Points and Authorities; the Declaration of Ryan Clark; the Declaration of David Mannion; the Appendix of

1   Exhibits; the pleadings, records, and papers on file this action; and such argument and

2   evidence as may be presented at or before the time of the hearing of the motion.

3   <u>**STATEMENT OF LOCAL RULE 7-3 COMPLIANCE**</u>

4   The Defendant has not appeared in this action and is unrepresented by counsel.

5   Respectfully submitted,

6   Dated: March 20, 2014                     BLAKELEY & BLAKELEY LLP

7   By:  */s/ David M. Mannion*

8   Bradley D. Blakeley
    David M. Mannion

9   Attorneys for Plaintiff
    EXPORT DEVELOPMENT CANADA

10

11

12

13

14

15

16

17

18

19

20

21

22

## MEMORANDUM OF POINTS AND AUTHORITES

## I.   INTRODUCTION

This Memorandum of Points and Authorities is respectfully submitted in support of the motion of plaintiff Export Development Canada ("EDC") for a default judgment against defendant CMV Electric, Inc. ("CMV") pursuant to Fed. R. Civ. P. 55(b)(2), and L. Civ. R. 55-1 and 55-2.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

"After a default has been entered by the court clerk, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (*citing*, *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).  Accordingly, the following facts are taken from EDC's complaint, except those relating to damages which are set forth in the Declarations of Ryan Clark and David Mannion.

### A.   The Relevant Parties.

EDC is a Canadian Crown corporation established by the Canadian Export Development Act of 1985.  *See*, EDC's Complaint attached as Exhibit 1 to the Accompanying Appendix of Exhibits ("Appendix"), at ¶ 12; Clark Decl., ¶ 2.  EDC provides insurance coverage against non-payment to Canadian exporters selling goods on credit to buyers in the United States.  Exh. 1, ¶ 14.  CMV is an electrical contractor that performs work relating to traffic infrastructure projects.  *Id.*, ¶ 15.  Non-party

1    International Road Dynamics, Inc. ("International") is a Canadian corporation that

2    designs, engineers, and sells equipment for use in projects relating to traffic control

3    and toll management.  *Id.*, ¶ 16.  Non-party Caltrans is a division of the California

4    Department of Transportation that manages California's highways and freeways.  *Id.*,

5    ¶ 17.

6        **B.    Facts Relating to CMV's Liability to EDC.**

7        CMV entered into a contract to provide traffic management equipment in

8    relation to Caltrans project number 08-497504 located in the County of San

9    Bernardino (the "Caltrans Project").  Appendix, Exh. 1, ¶ 18.  In turn, CMV entered

10   into a subcontract with International to provide certain traffic management equipment

11   for the Caltrans Project.  *Id.*, ¶ 19.

12       Specifically, on or about January 27, 2012, CMV issued purchase order number

13   3690-354 to International (the "P.O.").  *Id.*, ¶ 20.  The P.O. requested International to

14   provide: (1) bending-plate weigh-pads with frames, lead cable, and epoxy 4 lanes at a

15   price of $120,000; (2) a plezo-electric sensor with lead cable and grout at a price of

16   $500; (3) WIM (Weigh-in-Motion) electronics at a price of $25,000; (4) a portable

17   computer at a price of $500; and (5) supervision of WIM installation and calibration at

18   a price of $19,000.  *Id.*, ¶ 21.  International duly delivered these items (the "Goods")

19   to CMV.  *Id.*, ¶ 22.

20       International then issued three invoices to CMV for the price of the Goods, as

21   follows: (1) invoice no. 62554B dated May 7, 2012, for the sum of $157,853.75; (2)

22

2

1    invoice no. 62571B dated May 7, 2012, for the sum of $1,454.63; and (3) invoice no.

2    62808 dated August 31, 2012, for the sum of $19,000 (collectively, the "Invoices").

3    *Id.*, ¶ 26.  Payment of the Invoices was due within thirty (30) days of the invoice date.

4    *Id.*, ¶ 27.  CMV received the Invoices and did not object to them.  *Id.*, ¶ 28.

5          Each of International's Invoices provided that "[i]nterest of 1.5% monthly will

6    be charged on Overdue Accounts."  *Id.*, ¶ 31.  Payment of the first two invoices was

7    due on June 6, 2012.  *Id.*, ¶ 32.  CMV is liable for payment of the first two invoices in

8    the aggregate sum of $159,308.38, together with interest at the rate of 1.5% per month

9    from June 6, 2012.  Clark Decl., ¶ 4.  Payment of the third invoice was due on

10   September 30, 2012.  *See*, Exh. 1, at ¶ 34.  CMV is liable for payment of the third

11   invoice in the sum of $19,000, together with interest at the rate of 1.5% per month

12   from September 30, 2012.  Clark Decl., ¶ 4.

13         In addition, Article 5 of the P.O. contained the following attorneys' fee

14   provision:

15               In the event the parties become involved in litigation…with
               each other, arising out of this p.o. shall be fully compensated
16               (sic.) for the cost of its participation in such proceedings,
               including the cost incurred for attorney fees and expense fees.
17               Exh. 1, at ¶ 36.

18         On or about October 1, 2012, CMV made a partial payment of $2,500 to

19   International for the Goods.  Clark Decl., ¶ 6.  Prior to the commencement of this

20   action, International assigned all right, title, and interest in its claims against CMV

21   relating to the Goods to Plaintiff.  *See*, Appendix, Exh. 1, ¶ 5; Exh. 2, sections 1-2.  As

22

1  of March 20, 2014, CMV is liable to EDC for $239,731.86, which includes

2  $178,308.38 in principal, $53,745.35 in prejudgment interest through March 20, 2014

3  (after subtracting the $2,500 partial payment), attorneys' fees in the amount of

4  $7,166.17, and costs and expenses of $511.97.  Clark Decl., ¶¶ 4, 6; Mannion Decl., ¶

5  2; Appendix, Exhibits 1 and 3.

6         As shown by the emails attached at Exhibit 4 to the Appendix, CMV has been

7  fully aware of this action since it was filed.  Settlement communications have been

8  redacted from the aforementioned emails.  CMV's emails were sent by Jennie Davis,

9  whose signature indicates that she is the "manager" of CMV.  In addition, Carlos

10  Villegas is copied on those emails.  Records on file with the California Secretary of

11  State indicate that Mr. Villegas is CMV's registered agent for the service of process.

12  *See*, Appendix, Exh. 5.

13         Moreover, on March 19, 2014, EDC's counsel informed CMV of EDC's

14  intention to file this motion for a default judgment.  Exh. 4, at p. 2.[1]  Microsoft

15  Outlook "read-receipts" were received from both Mr. Villegas and Ms. Davis for that

16  email.  *Id.*, pp. 1-2.

17

18

19

20  _____

[1] Due to an arithmetic error, that email overstated the amount of the default judgment
21  EDC was seeking.  Mannion Decl., ¶ 9.

22

MEMORANDUM OF POINTS AND AUTHORITIES

## III.   ARGUMENT

A default judgment may be awarded "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a).

### A.   EDC Has Complied with Fed. R. Civ. P. 54(c), and Local Rules 55-1 and 55-2.

"The FRCP and the local rules in the Central District of California require that applications for default judgment set forth the following information: (1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required." *Philip Morris U.S.A. Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

EDC filed its complaint against CMV on January 29, 2014.  Appendix, Exh. 1. The complaint was served on CMV by personal service on January 30, 2014, pursuant to Cal. Code Civ. Proc. § 415.20(a).  Proof of service was filed with the Court on February 10, 2014.  *See*, Appendix, Exh. 6.  To date, CMV has failed to answer or otherwise respond to the complaint.  Mannion Decl., ¶ 3.

EDC obtained a Certificate of Default against CMV from the Clerk of the Court on March 13, 2014.  *See*, Appendix, Exh. 7.  EDC's counsel emailed a copy of the

5

1   Certificate of Default to CMV the same day it was entered.  *See*, Appendix, Exh. 4, at

2   p. 3.  Because EDC is not requesting relief that differs from or exceeds that sought in

3   the complaint, this motion complies with Fed. R. Civ. P. 54(c) ("A default judgment

4   must not differ in kind from, or exceed in amount, what is demanded in the

5   pleadings.").  Although not required to do so under Fed. R. Civ. P. 55(b)(2) since

6   CMV has not appeared, EDC has served a copy of this motion on CMV by first class

7   mail and email.  Mannion Decl., ¶ 10.  Accordingly, it is respectfully submitted that

8   EDC has satisfied the procedural requirements for the entry of a default judgment.

9   **B.    The Court Has Jurisdiction Over the Dispute.**

10   EDC is a Canadian Crown corporation and its headquarters are located in

11   Canada.  Clark Decl., ¶ 2.  Its shares are held in trust for Queen Elizabeth II pursuant

12   to § 11(3) of the Canadian Export Development Act.  As such, EDC is a "citizen[] or

13   subject[] of a foreign state" under 28 U.S.C. § 1332(a)(2) or, alternatively, a "foreign

14   state" as defined in 28 U.S.C. § 1603(b)(2).

15   CMV is a California corporation with its principal place of business located in

16   Upland, California.  *See*, Appendix, Exh. 5.  In addition, the amount in controversy

17   exceeds $75,000, exclusive of interest and costs.  As such, the Court has diversity

18   jurisdiction under 28 U.S.C. § 1332(a)(2), or – insofar as EDC is deemed to be a

19   "foreign state" – under 28 U.S.C. § 1332(a)(4).

20

21

22

MEMORANDUM OF POINTS AND AUTHORITIES

**C.     The *Eitel* Factors Support the Entry of a Default Judgment in Favor of EDC in the amount of $239,731.86.**

Having met the procedural requirements for the entry of a default judgment, "[t]he district court's decision whether to grant or deny a default judgment is discretionary in nature."  *Elektra Entm 't Group Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).  The Ninth Circuit has held that "[f]actors which may be considered by courts in exercising discretion as to the entry of a default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**(i).     The First *Eitel* Factor: the Possibility of Prejudice to EDC.**

As far as EDC is aware, no person or entity other than CMV is liable for the price of the Goods.  Mannion Decl., ¶ 11.  As such, EDC will be prejudiced unless a default judgment is entered because it has no other known source for recovery. *Cf.*, *Philip Morris*, 219 F.R.D., at 499 ("With respect to the first *Eitel* factor, Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other recourse for recovery.").

   **(ii)** **The Second and Third *Eitel* Factors: the Merits of EDC's Claims and the Sufficiency of the Complaint.**

  "With regard to the second and third factors, the plaintiff is required to state a claim on which the [plaintiff] may recover." *Elektra Entm't*, 226 F.R.D., at 392 (internal quotations and citations omitted, alteration in original).  Here, EDC seeks the entry of a default judgment with respect to Counts I and II of its complaint for (1) the price of the Goods under Sections 2607(1) and 2709(1)(a) of the California Uniform Commercial Code ("U.C.C."), and (2) breach of contract.  It is respectfully submitted that EDC has stated a claim on which it can recover for both Counts.

   **(a).** **As a Result of its Default, CMV is deemed to have Admitted Liability for the Price of the Goods under the Controlling Provisions of the U.C.C.**

  Under the U.C.C. "[t]he buyer must pay at the contract rate for any goods accepted." *Cal. U. Com. Code* § 2607(1).  "Acceptance of goods occurs when the buyer…fails to make an effective rejection..." *Cal. U. Com. Code* § 2606(1)(b).  International delivered the Goods to CMV.  Appendix, Exh. 1, at ¶ 22.  CMV accepted the Goods (*id.*, ¶ 23) but failed to pay International.  *Id.*, ¶ 24.  In addition, CMV has never raised any disputes about the quality of the Goods.  *Id.*, ¶ 29.  As such, CMV is deemed to have accepted the Goods under *Cal. U. Com. Code* § 2606(1)(b).

  Alternatively, CMV is deemed to have accepted the Goods under *Cal. U. Com. Code* § 2606(1)(c) ("Acceptance of goods occurs when the buyer…does any act

1   inconsistent with the seller's ownership[.]").  The Goods were installed at, and

2   incorporated into, the Caltrans Project.  *Id.*, ¶ 25.  As such, CMV performed acts

3   inconsistent with International's ownership of the Goods.  Thus, it is incontrovertible

4   that CMV "accepted" the Goods (*Cal. U. Com. Code* § 2606(1)) and, as a result, is

5   obligated to pay for them (*Cal. U. Com. Code* § 2607(1)).

6          As explained in Official Comment No. 2 to *Cal. U. Com. Code* § 2607,

7   "acceptance of goods precludes their subsequent rejection.  Any return of the goods

8   thereafter must be by way of revocation of acceptance, under the next section"; *i.e.*,

9   *Cal. U. Com. Code* § 2608.  *Cf.*, *Rawls v. Associated Materials, LLC*, 2012 U.S. Dist.

10  LEXIS 125744, *13 (S.D. W. Va. 2012) ("[R]ejection of goods occurs, if at all, before

11  acceptance of goods, and revocation of acceptance of goods occurs, if at all after

12  acceptance of goods.").

13         Summarizing the revocation analysis, the District Court has held as follows:

14             Acceptance of goods gives the seller a right to recover the
               price from the buyer. Section 2607(1). However, a buyer may
15             revoke acceptance if: (1) there is a substantial nonconformity
               in the goods; (2) the nonconformity is difficult to discover;
16             (3) the revocation occurs within a reasonable time; **and** (4)
               the revocation occurs 'before any substantial change in
17             condition of goods which is not caused by their own defects.'
               Section 2608.  *Alco Std. Corp. v. Beauwood California, Inc.*,
18             1986 U.S. Dist. LEXIS 26029, *10-11 (C.D. Cal. 1986)
               (emphasis added).
19
       CMV failed to make a timely and effective revocation of its acceptance of the
20
    Goods.  Appendix, Exh. 1, at ¶ 42.  Moreover, because the Goods were installed in the
21

22
                                        9

Caltrans Project (*id.*, ¶ 25) and their quality is undisputed (*id.*, ¶ 29), CMV could not revoke its acceptance under any circumstances.

### (b).   As a Result of its Default, the CMV is deemed to Have Admitted Liability to EDC for Breach of Contract.

"A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach." *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. Appx. 661, 662 (9th Cir. 2009).  It is respectfully submitted that EDC has properly pled the elements of this claim.

In addition to the detailed factual allegations set forth in Point II, *supra*, EDC's complaint alleges that: (1) the agreement by CMV to pay International for the Goods was a valid and binding contract (Exh. 1, ¶ 45); (2) International fully performed under the terms of the agreement (Exh. 1, ¶ 46); (3) CMV has never raised any disputes about the quality of the Goods (Exh. 1, ¶¶ 29, 47); (4) CMV materially breached the terms of the agreement by refusing to pay for the Goods (Exh. 1, ¶ 48); and (5) as a direct and proximate result of CMV's breach of its agreement to pay for the Goods, EDC has been damaged (Exh. 1, ¶ 49).

In sum, CMV's nonappearance is an admission that it is liable for the balance of the Goods, as set forth in the Invoices, together with interest at the rate of 18% per annum, plus attorneys' fees and costs. *Elektra Entm't*, 226 F.R.D., at 392 ("After a

1   default has been entered by the court clerk, the well-pleaded factual allegations of the

2   complaint are taken as true, except for those allegations relating to damages.").

3        **(iii) The Fourth *Eitel* Factor: The Amount of Money at Stake.**

4     With respect to this factor, "the court must consider the amount of money at

5   stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc. v. Cal. Sec.*

6   *Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal., 2002).  As discussed above, EDC is

7   seeking a default judgment for $239,731.86 against CMV.  Since CMV is deemed to

8   have failed to pay for the Goods without any excuse, and also chose not to "comply

9   with the judicial process or to participate in any way in the present litigation," the

10  "imposition of a substantial monetary award" is justified.  *Cf.*, *Philip Morris*, 219

11  F.R.D., at 500.

12       **(iv). The Fifth *Eitel* Factor: The Possibility of a Dispute Concerning**
            **Material Facts.**

13

14    CMV's failure to respond to the complaint indicates that "the likelihood that

    any genuine issue may exist is, at best, remote." *Philip Morris*, 219 F.R.D., at 500;

15  *Elektra Entm't*, 226 F.R.D., at 393 (same).

16

17       **(v). The Sixth *Eitel* Factor: Whether the Default Was Due to**
            **Excusable Neglect.**

18    CMV is fully aware this action is pending (*see*, Appendix, Exh. 4) and has

19  consciously decided not to appear.  As such, CMV's default is due to "willful

20  disobedience" of the summons and not excusable neglect.  *Cf.*, *Philip Morris*, 219

21  F.R.D., at 500-501; *Elektra Entm 't*, 226 F.R.D. at 393.

22

**(vi).  The Seventh *Eitel* Factor: The Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions On The Merits.**

"[T]he mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive." *Philip Morris*, 219 F.R.D., at 501.  Moreover, CMV's conscious failure to answer EDC's complaint "makes a decision on the merits impractical, if not impossible." *Id.*  "Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Ibid.* Like in *Philip Morris*, "[t]his is precisely what occurred in the present case. Therefore, the seventh *Eitel* factor does not preclude the Court from entering default judgment against Defendant." 219 F.R.D., at 501.

**D.  EDC is entitled to Damages of $239,731.86 against CMV.**

A "[p]laintiff's burden in 'proving up' damages is relatively lenient." *Philip Morris*, 219 F.R.D., at 498.  "If proximate cause is properly alleged in the complaint, it is admitted upon default." *Id.*  "Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Ibid.*

As set forth above, EDC has properly alleged a claim for the price of the Goods under the U.C.C. or, alternatively, a claim for breach of contract.  As of March 20, 2014, CMV is liable to EDC for $239,731.86, which includes $178,308.38 in principal, $53,745.35  in prejudgment interest through March 20, 2014 (after subtracting the $2,500 partial payment), attorneys' fees in the amount of $7,166.17,

1   and costs and expenses of $511.97.  Clark Decl., ¶¶ 4, 6; Mannion Decl., ¶ 2;

2   Appendix, Exhibits 1 and 3.  In addition, EDC respectfully requests post-judgment

3   interest at the rate set forth in 28 U.S.C. § 1961.

4   **IV.    CONCLUSION**

5        For the foregoing reasons, EDC respectfully requests that the Court enter a

6   default judgment against the CMV for the sum of $239,731.86.

7                                          Respectfully submitted,

8   Dated: March 20, 2014                  BLAKELEY & BLAKELEY LLP

9
                                           By:  _/s/ David M. Mannion_____
10                                              Bradley D. Blakeley
                                                David M. Mannion
11                                         Attorneys for Plaintiff
                                           EXPORT DEVELOPMENT CANADA
12

13

14

15

16

17

18

19

20

21

22